and we'll begin with U.S.A. v. Jonathan Rodriguez. Good afternoon, Your Honor. May it please the Court, I'm Megan Bennett and I represent Defendant Appellant Jonathan Rodriguez. Mr. Rodriguez's sentence here should be vacated and his case should be remanded for resentencing to account for the 41 months he spent in custody that was associated with no criminal conviction and did not satisfy any other criminal justice sentence. He was in State custody on pretrial detention for 41 months in connection with the September 2008 fatal shooting of Brandon Howard. He was dismissed 41 months later and subsequently federally indicted for racketeering enterprise, ultimately pleading guilty to two counts, the first one of which was a 924C violation. The underlying facts of the 924C violation were the very same September 2008 shooting for which he had been previously detained. Why isn't this a question for the Bureau of Prisons and Attorney General? Because there is a statute that on its face might seem to suggest that he deserves credit against the sentence that was imposed. Agreed, Judge Lentz. 3585B says that for a period of time served in detention that has not been credited toward another sentence should be, for the same conduct, should be credited to this sentence. The problem here is that Judge Engelmeyer in the judgment and commitment order noted the date of the offense conduct as 2015. And this is not in the record, but I – and so I'm not sure how much to say other than his current period of incarceration does not reflect any Bureau of Prisons adjustment under 3585B for the 41 months, even if it should have been. Well, that's all right. I mean, either – then one can apply to the Bureau of Prisons and say this ought to be credited, and if they don't credit it and the prisoner thinks it should be credited, then you have judicial review under section 2241. Although in the context here, we're presently before the circuit. The Court could definitely remand the case for Judge Engelmeyer to revisit the judgment and commitment order, recognizing that he needs to indicate in the imprisonment portion of the J&C that the offense conduct dates to September of 2008. Otherwise, it's not clear that the Bureau of Prisons will independently – Well, now I'm – now I'm just puzzled. So you're saying – I mean, because I was not aware that there was – I don't think it's said in any of the briefs, in your brief, that there was an error in the – and that one of the things you're really appealing is to ask for a correction of the judgment? Well, if the Court is not inclined to remand to allow Judge Engelmeyer to refashion the sentence to adjust downward for the – Yes, but if we refashion – if he refashioned the sentence, assuming for the moment that he's even allowed to do that in light of the mandatory sentence, then wouldn't the – if he gives a sentence that is 41 months less than the mandatory minimum, doesn't section 3585 then still say that the Bureau of Prisons has to give him credit against whatever the sentence is for the time that was spent? You're saying would he get an additional 41 months by – Well, there would at least be a confusion then, wouldn't there? I do not think that there would be a confusion. I think if the judgment and commitment order stated that he was receiving 60 months minus 41 months for the period of time that he was in State custody in pretrial detention, the Bureau of Prisons, as a matter of administrative practice, would not then doubly reduce his time by that 41 months. And the fact is that we're here now and there's an opportunity for this Court to send the case down to the district court to remedy it in an expeditious and streamlined way, as opposed to – Well, it may be expeditious and streamlined, but isn't it exactly what Congress did not say should be done? Congress says there's a mandatory minimum sentence. Congress also says here's how you calculate and give credit for – how you calculate the running of that sentence, which is in the hands of the Bureau of Prisons. Right. So that – so 3585 is derogated to the Attorney General and through the Attorney General to the Bureau of Prisons. At the same time, as a matter of practice, the Bureau of Prisons relies on the judgment and commitment order when effectuating its responsibilities under 3585B. And the way the judgment and commitment order is phrased now does not – the Bureau of Prisons will not look to the September 2008 conduct for 3585B purposes. So I don't disagree with you, Judge Lynch, that we could – that he could alternatively seek administrative review within the Bureau of Prisons and appeal – exhaust his administrative appeals and then file a new cause of action and potentially return here, but there's also an alternative, faster, easier way to do this, which is simply to allow Judge Engelmeyer to clarify in the judgment and commitment order. Roberts. Do you want him to change a date or do you want him to give credit? So fundamentally, what I want is for Jonathan Rodriguez to get some credit for the 41 months that he spent in custody. And that can be a – I'm asking what you want the judge to do. I understand you want the credit for your client. What do you – do you want the judge to change the date or do you want him to give you – your client the credit? It would be immaterial. Whichever – Well, except that the second option the Supreme Court says is not the way to do it. Well, the Supreme Court says that the judge can't order the Bureau of Prisons to proceed in a certain way, but the Bureau of Prisons – the fact is the Bureau of Prisons relies on the judgment and commitment order and the direction provided by the court in the imprisonment section to determine when the offense conduct was for purposes of effectuating 3585B. Did that happen in the Wilson case when the Supreme Court said it's up to the Bureau? No. In the Wilson case – right. So the Wilson case says the district court doesn't get to use 3585B to fashion a sentence directly. What I'm saying is that Judge Engelmeyer could still nevertheless impose the 60-month sentence if in that section of the judgment and commitment order it was noted that the offense conduct dates to September 2008. The J&C already, if you look at the confidential appendix at – I'm sorry. If you look at the appendix at page – So all you want is the date changed? I believe that simply changing the date – so I recognize that this is not how it was briefed. Fundamentally, the concern here is that Mr. Rodriguez spent 41 months in prison, that he's not getting credit for it toward any sentence. Well, but we don't know that because he wouldn't be out now anyway, right? No. So he would not – he definitely would not be out. So no harm has occurred yet? Harm has occurred because his ultimate sentence doesn't account for that 41 months. Well, maybe it's psychological harm, but he's not doing a single day today that he isn't supposed to do, right? No, but at a certain point, at 379 months, he will. In the future, there will come a point. Right. At the 379th month. And he's within 41 months of an end of a 30-year sentence. Although I will say that there are – Is that right? Your sentence is depending on – your security designation depends on the length of your sentence. Your programming options sometimes depend on the length of your sentence. Well, it's not going to go below 26 years, is it? Correct. So – But I'm saying – right. It's not just sort of a psychological or individual, I want to know what my sentence is. So you really want the date change to be different? We could effectuate the – what needs to happen is that he needs to be credited for those 41 months, and that could be accomplished by changing the date in the judgment and commitment order. And changing the date, your contention would be, I take it, that it's just an error by the judge, not a legal error, just practically a Scrivener's error to say the offense conduct took place in 2015 when, in fact, it took place in 2008? Is that what the actual error is that has to be corrected? That is correct. And you're saying that's just flatly wrong, it's a simple mistake, we should – if we otherwise affirmed, we would remand for correction of that ministerial error? Right. If you look at page A163 in the appendix, the judge already notes to the Bureau of Prisons, Wilson notwithstanding, that Rodriguez was to be credited with time served. Now, that's exactly the sort of language that Wilson says is up to the Bureau of Prisons to put into effect. But as a matter of practice, the district courts, and I believe sentencing courts regularly, include in the judgment and commitment order that information to facilitate the Bureau of Prisons' application of 3585B. Well, where is the error with respect to – I thought you said the error was about when the offense conduct took place. It says – What this sentence says is he shall be given credit for time served dating back to the date of his arrest on this charge, which he should be, of course, but you're saying, of course, he should get something extra or else besides that. But where is the thing that would need to be corrected? So he could – it could be corrected in that section. The fact is that there's not – in the record from the district court, you do not have information from the Bureau of Prisons. So I'm reluctant to go into what is known outside of the record about the date the Bureau of Prisons is looking at for – Feel free. Feel free. Okay. Feel free. So the Bureau of Prisons is using the date of October – sorry – October 8th, 2015 as the – as the offense conduct date and is giving him credit from October 8th, 2015. They should also be giving him credit from September 2008 until his release date on May – it was on May 18th, 2012. Now I'm even more confused. Why should they be crediting him from October of 2015 for time served when his time only began to be served when he was arrested, not when whatever this date – this erroneous date is as to the offense conduct? I think – I think that that may be driven by the northern district conduct and not reflected in the J&C from the southern district. Although I did pull the northern district judgment and commitment order and it doesn't say anything in its – anything in its imprisonment section. Can changing the date solve your problem? I believe that changing – yes. Changing the – including in the imprisonment section. It's about whether the government is agreeable to changing the date. You say that is in fact the date. Before you go, I have a question or two. Your argument here today, what – is all of this entirely new or is this something that was placed before Judge Engelmeyer at some point? So I think the 3585 issue was not – was not fully addressed because the parties were discussing this as a guidelines question. Well, let's just stick – let's stay right there. I'm very simple in these matters. What happened before Judge Engelmeyer with respect to these matters about which you are greatly concerned? About whether he should get credit for the 41 months that he spent in custody? That's your concern today, right? That's what you're asking us to address. Was this before Judge Engelmeyer? Yes, and Judge Engelmeyer said seven times that he did not have the authority to impose a sentence of less than 30 years, 60 months on count one and 25 months on count two. So that's where the error was in this record, when Judge Engelmeyer considered this very question and resolved it on seven occasions. Correct. He was absolutely right, wasn't he, that he must give a 30-year sentence? He – so I think it's an open question in a case like this where you have a – you don't have a discharged or an undischarged sentence. You have a period of pretrial detention. He may get credit against it, but isn't the law clear? The sentence he must give is 30 years. The sentence he must give is 30 years. And that's what he gave. The sentence that he must give is 30 years, and the defense argument was you calculate that 30 years by taking the 41 months that he was previously in custody. It's not – but it's not really a credit question. So to the extent that Lucas says – and I know that Judge Lynch was involved in the Lucas decision – to the extent Lucas held that you can't get 5G1.3 credit for a 924C case because 5G1.3 is derivative of a court's concurrent sentencing authority under 3584, that would be – that would control here if Mr. Rodriguez had a prior sentence. This is an unusual case. It's a unique case, as far as I can tell from my research, where you have a period of pretrial custody attributable to no other criminal conviction or criminal sentence. Roberts. So maybe – maybe it isn't even clear that he gets the credit. But whether or not he gets the credit doesn't affect that the judge did the right thing to say the sentence is 30 years. Isn't that so? I agree that by saying the sentence is 30 years, the judge was correct. I disagree with how he calculated the 30 years. He reversed judges who are correct. I don't – I believe he did not calculate the 30 years correctly. He tried. He tried. He don't usually do it. Okay. Let me ask you a clerical question, just as a – as the presider. Are you associated with Miss London? Is that it? I mean, we're friends. I – No, I didn't mean that. I'm just – I just want to know how to give you credit whenever – whatever decision is filed by us. Who are you, as it were? I am not – Why are you here? I agreed to take the appeal from her. And you're admitted to the bar of this court? I am. I am. Good. And your name is Bennett with one N. Yes. As opposed to Bennett with one T. Or with two N's. Yes. And a mistake even my husband continues to make. Well, and just to – but Miss London is appointed here as a CJA counsel? Yes. So I'm on the panel for the second – the CJA panel for the Second Circuit. And she had asked me to put in a notice of – to work with her on the appeal. I put in a notice of appearance. Okay. So you have a notice of appearance. Yes. And so everything is fine. I hope so. I hope so, too. All right. Thank you. Good afternoon, Your Honors. May it please the Court, my name is Max Nicholas. I was one of the assistant U.S. attorneys representing the United States in the district court. I also am a friend of Miss London's. I hope that puts me in good stead. And of Miss Bennett's. Your Honors, the first – as you all know, the first argument in our brief is waiver. But since the Court is interested in the question of the credit versus the departure, I'll go right to there, if that's okay with the Court. So — Well, you're not abandoning the waiver. No, certainly not. And that remains our primary – that remains the first argument we made because we believe it is a threshold argument. The waiver was tied to the time that was assessed. It was not tied to how the Court got there. But since the Court was asking questions about the merits of the appeal, I'm happy to hop there. As the Court knows, this appeal was teed up as an argument that Mr. Rodriguez should benefit from an adjustment under 5G1.3 or 5K2.23 of the sentencing guidelines. And that is how it was teed up before Judge Engelmeyer. That relief is foreclosed not only by Lucas, which I – my understanding is dealt with the question of a discharged prior term of custody, but even if – even putting aside whether the prior term of custody was best analogized to a discharged or undischarged one, under the Supreme Court's decision in Gonzales, in U.S. v. Gonzales, which is cited in the government's brief, given the mandatory consecutive scheme of 924C sentences, the judge – the judge was foreclosed from effectively assessing a sentence that would run concurrent with a prior period of time. Now, what I interpret the defense to be doing, the appellant to be doing, is to be trying to pivot now to a credit argument, as Judge – as Judge Newman put it, away from an adjustment avenue is totally foreclosed. I would just note with respect to the credit argument, number one, I don't believe it was made to Judge Engelmeyer, but number two, in the U.S. v. Rivers case that I think the appellant relies on heavily, both before Judge Engelmeyer and in this Court, I think if my memory is right, in the Rivers case, the Court noted that the credit question under 3585 is for the Bureau – the Bureau of Prisons administers that statute and interprets credit. So I don't – I don't think that the credit – that the – that the pivot toward a credit question should be kind of shoehorned into this appeal now. Can we just talk about the date issue? Yes. It seems to be somewhat relevant. Do you agree the date of custody is wrong? No, I don't agree. And I don't – and I'm sorry. What is the right date? Your Honor, I think the – the – the – so my understanding is that when Judge Engelmeyer said time served for the – for the time spent on this charge, he – the – the 2015 date was correct. I think Ms. Bennett is right that it's 2015 in October because I think Mr. Rodriguez was arrested in the northern district of New York and then ridded over. But – but now this – but so as I read this, what Judge Engelmeyer did, I don't know that it's wrongful or harmful, but he told – he stated in the judgment what credit should be given in his view. But in fact, his view is not controlling. The Bureau of Prisons determines that. Is that correct? I believe that is correct, Judge. And the Bureau of Prisons, in fact, did not wrotely or automatically put – accept Judge Engelmeyer's date. It actually gave Mr. Rodriguez more credit based apparently on time he had served in the northern district on some related or unrelated or other charge, and so calculates his sentence starting back to October. It is, I take it, the defendant's position that that's still incorrect because he should have received credit for this earlier time in New York State custody. Does the government, that is to say the Department of Justice, which encompasses both your office and the Bureau of Prisons, have any position on what the correct calculation should be now that the matter has been called to its attention? Your Honor, the – so I want to give – answer that in two parts. The threshold part is it's just being called to my attention now during oral argument, so I would want – that question is something that – as a general matter of how credit is assigned, that question is something that I want to confer about. But I think Your Honor's question actually – actually strongly supports the government's argument here because it – Your Honor's question – embedded in Your Honor's question is the fact that the Bureau of Prisons does not need – does not need Judge Engelmeyer to say a certain thing to decide how to assess credit. As the court said in the Rivers case, the Bureau of Prisons – Well, that's a perfectly reasonable position for you to take with respect to this At the same time, granting that Mr. Rodriguez, sadly for him, has many, many years to work this out with the Bureau of Prisons, with whatever appellate review might be necessary administratively or judicially, there's all the time in the world for this to happen. It certainly would seem to me that now that the matter has been called to the government's attention, it might be useful to just figure it out, just have people in your office talk to the people at the Bureau of Prisons, lay out all the facts, and so that if it is the case, as at least a quick facial reading of 3585B would suggest, that he really should get credit for this, that, you know, we don't – there needs no thunderbolt of judgment to come from this court to work that out if that is, in fact, the correct outcome. And it would make life very simple for everyone. Your Honor, your point is, of course, well taken. I don't know that it's the correct outcome that the time spent in custody on the State charge prior would be – putting aside the question of adjustments, which was raised in the appeal here, that that would be credited. I – Well, but you're basically saying you don't know because, understandably, no criticism of you or your office, you haven't asked. Maybe you could ask and find out, and maybe you might find out that the Bureau of Prisons once notified of the actual facts, maybe they take the position, no, sorry, we don't read the statute that way, he doesn't get credit. And then that might have to be litigated if the defendant wants to litigate it in some other form, but at least we'd know where we stood. And if they decide he does get credit, then it seems to me this appeal would be withdrawn. And, Your Honor, I would – I think what I would say in response is that I think the Bureau of Prisons seems not to believe that he would get credit for it. But maybe they don't know these facts. At least Ms. Bennett suggested that somehow – I mean, she said there was something about the offense conduct, which I don't see in the judgment, and I'm not sure why it would be in the judgment as to the date of the offense conduct. But if the Bureau of Prisons doesn't know about this additional time, because no one's told them, I'm not sure where they would find it out. Well, anyway. The only thing I would offer in response is I took it to be at least implicitly stated in one of the appellant's briefs that the Bureau of Prisons would not read the statute to provide credit for the prior time in State custody, because if my memory is right, one of the appellant's briefs says if the time had been in Federal custody, then it would have been calculated differently by the BOP. The statute doesn't say anything about Federal custody. Now, maybe that's going to turn out in the long run to be a difference of opinion between the Bureau of Prisons and Mr. Rodriguez that is not to be resolved here, but is to be resolved in some other forum at some other date. I agree with that, Judge Lynch. I don't think that this is the forum to resolve a question of credit between Mr. Rodriguez and the Bureau of Prisons, particularly as it's not what was tied up. But apart from this vexing legal question, which apparently you're not able to resolve this morning, I think her point, first point, or maybe whether first or second, is there's a date wrong in the judgment. Do you agree to that? Your Honor, I don't agree to that. I think the date is correct. Your Honor, I'd want to, because it was, I have no reason to believe it's wrong, Your Honor, and it wasn't raised to me as potentially wrong until today. So standing here right now, I don't think it's wrong. Well, the judgment reads December 2, 2015. So that's the date we're talking about? The date of time served. Well, it says the defendant is to be credited with time served dating back to December 2, 2015, parentheses, the date of his arrest in the Northern District of New York on his total combined sentence between the two cases of 35 years. Your Honor, I apologize that this is on me. But standing here, I don't know if the December 2 date is the date that Mr. Rodriguez was arrested in the Northern District. But I don't, I think the correction of, if in the event that there is a Scrivner's I don't think that that would require vacating the sentence, I think, because I don't think, because I don't think it would. Well, but you agree to, that the judgment, not deciding the legal question, but just the date question, the judgment should reflect the date when State custody began, so that later on some wiser heads can decide whether that counts, but at least agree what the date is for State custody to have begun. Your Honor, I respectfully, I don't, I don't, I wouldn't go as far as to agree that the judgment in the Federal case should reflect the date that the prior term of State custody on a related State charge begun. I don't, I don't. It's not only a question of when it began, but when it ended, because the period, whatever it is, whatever the correct date is from the Northern District, is continuous custody, happens to be all Federal custody in two different jails in two different districts. The State time is several years earlier and began and ended. He was in custody pending a charge in the State. The charge was dismissed. He was released. And quite a number of years later, he was arrested on related charges or charged on related charges in the Eastern District of New York. Is that a fair statement? That is a fair statement, Your Honor. He, he, he did State time for a, for a murder. The State case, this is in Bronx County, the State prosecution was dismissed, and later on his, his, his, one of the counts of his conviction in this case relates to that offense conduct. Although the charge itself is different. I would just, I would just, I would just note, and I know, I know my time's expired, but I would just note in this regard. No, no. Go ahead. The, the, the U.S. v. Gonzales case from 1997, I think, in his dissent, just. You can't cite U.S. v. Gonzales. That's like saying the Halvering case in tax law. There are, there are 3 million United States v. Gonzales. That's fair enough. Because there were Halvering cases. That's fair enough, Your Honor. And I'll try to look at the, the site while I speak. But in that case, Justice Breyer, in dissent, made a, made a point that I, in dissent, made a point that I think is similar to the kind of equitable argument that Ms. Bennett is eloquently making, making here, which is that, well, what if, I think in that case, the issue, what he said was, well, if, what if there's a, what if someone has done time for a State, on a State charge that's similar to 924C and then later gets a 924C charge, wouldn't we want a district court to be able to run the, the 924C conviction, the 924C sentence concurrent with the prior State charge? And the Supreme Court, the, the, the opinion of the Supreme Court was, no, that's not, that kind of equitable, perceived equitable notion is not enough to override the plain language of the statute. And, and I would, you know, I, I. I take your point to be that Justice Breyer, in his dissent, proved that what he was saying was not the law. That's right. I, I, I'm, I'm. Right? Exactly, Your Honor. I'm saying that the Supreme Court has, the Supreme Court has considered a, what I think to be a substantial, and that, that case was not about the credit issue, but it was about a substantially similar equitable concern. That's, that's, that's not what the Supreme Court found the law was. Mr. Nicholas, I've been delighted to give you extra time, but I want to ask just a couple of simple questions. All of this that you've been discussing now, was all of this before Judge Engelmeyer? No, Your Honor. The, the, the credit question was never raised with Judge Engelmeyer, and it was never the vehicle that Mr. Rod, it was never a vehicle that Mr. Rodriguez, through which Mr. Rodriguez sought to get any particular sentence. The vehicle that he attempted to use was 5G 1.3 and 5K 2.23, which are foreclosed. So what is the procedural effect of that, if any? What are we to make of that fact, that it wasn't before Judge Engelmeyer? Does that mean that the simplest thing is to remand it to him to consider all of this? Or is there some kind of forfeiture or waiver on the part of the defendant? Is the, is, are we dealing with plain error? What, what is the situation here? Well, Your Honor, I certainly don't think it's plain error, because I think it's, it's, it's, it's certainly, it's, I, I don't think that the. You're saying it's not error at all, because the judge correctly rejected the notion that he was legally entitled to give a sentence of less than 30 years. And you're saying that with respect to the credit issue, that is essentially for the Bureau of Prisons, as the Bureau of Prisons has already recognized by not giving effect to the language in the judgment as to how much credit should be given, but giving for reasons we are not absolutely sure of or you have no idea what it would be, why they gave him credit, in fact, back to October rather than December. So they evidently made some kind of independent inquiry. So the mistake, if it is a mistake in the judgment, is irrelevant. And the only issue is whether the Bureau of Prisons should give additional credit for the time spent in custody back in 2000, whatever it was, eight. And that is a matter that should be dealt with administratively by the Bureau of Prisons subject to judicial review under 2241 if Mr. Rodriguez is discontented with whatever they do. That's your position? Yes.  It's about a million times better than I thought. Yes or no to that question? Yes. Your answer is yes. If that's your position, then when she applies for habeas, if she does, challenge the bureaus, which she will call erroneous, is the government going to come in and say you can't go back to 2008 because Judge Engelmeyer says the date is 2015? Are you going to — in other words, are you going to invoke that date against her? Well, Your Honor, I think the — I don't anticipate — I don't get the feeling you're telling me no. No, I am telling you no. I mean, part of my answer is, you know, I'm an officer of the court. I'm standing here representing the United States on this appeal. And I, you know, the — I understand Your Honor's questions about the date, and I certainly am not going to put in papers something that would undermine the call. Would the government have any objection to consulting with the Bureau of Prisons and advising us as to what the Bureau of Prisons' position is once it is apprised of the facts, whatever they are, relating to Mr. Rodriguez's prior state custody, and then advising us what their — what their and the government's position is? No. If that would be helpful, we're happy to do that. Does the Bureau of Prisons answer its correspondence? Your Honor, I have every reason to believe that they do. And you believe that you can get us an — you can put that question before the Bureau of Prisons and they will give us an answer. Is it right for the Bureau of Prisons to make that decision? Your Honor, I — it's not — I don't think at the moment it's right because I don't understand Mr. Rodriguez to have yet pursued any remedy with the Bureau of Prisons. I think if he — if he does so, as I — as I expect, if the — if the Court affirms the — Well, but the Bureau of Prisons already has calculated a date from which they are giving credit. Now, I suppose he has some remedy where he can go and argue about that. But really, the facts here, as far as I'm aware, are not in dispute. The statute is, on its face, strongly indicative that he should get credit. That doesn't mean that that's the correct interpretation. The Bureau can look at it and say what their interpretation of the statute is. They gave him a certain amount of credit, more than Judge Engelmeyer thought apparently was correct, without consulting anybody, without consulting Judge Engelmeyer or us or you. They did it because that's their job to do it. And no doubt, if these facts are called to their attention, they will be able to say — I mean, it's not ripe in the sense that there's some litigation pending, but there's no reason why they shouldn't look at it and just let us know what they think. Yes. And, Your Honor, I'm not — I'm not suggesting that they — that if — if we asked them the question, they wouldn't answer it in the normal course. I was just — in response to Judge Cabrera's question, I was just — I was just offering that I don't — I don't — I don't think it's ripe in the sense of there's — there's no legal — there's no litigation question. They could say we'll cross that bridge when we get to it. Our position, totally unexplained, for reasons known only to ourselves, is it's October 2, 2015. And that's fine if that's their position. And then the defendant can go and take whatever legal steps the defendant wants to take in response to that. It just seems to me that if it is the case that the Bureau of Prisons looks at it and says, oh, we didn't know about these facts, if those are the facts, he gets 41 months of credit, then this whole appeal goes away. Right? And that's — why shouldn't the government, writ large, not your office, why shouldn't the government want that to be worked out? And if they take the position, no, she's wrong, that's not really the way the statute should be read, well, fine. I don't think that issue has been properly raised to us, and I don't think it's for us to do. It's for the Bureau of Prisons to do, and only for the courts to do on subsequent review of whatever choice they make. But if it all can be resolved, maybe that's a smart thing to do. I understood, Your Honor. Your answer should be, you may be right. Are you going to advise us of what you learned, is that what's going to happen? If the court directs us to do so, we will be very happy to do that, yes. Yes. So let's try to get that letter to the Bureau of Prisons within a week, if that's possible, with a copy to opposing counsel, of course, and that letter should be filed with us. And then, so today's the 17th, so by no later than the 24th, perhaps earlier, and then thereafter, Ms. Bennett will have, well, we don't know when they'll respond, of course. That's the whole problem here. We'll just assume that within one week of the receipt of a response, which you will file with us, we'll hear from Ms. Bennett. But before you go, can I ask you about your threshold argument of waiver? Assume for the argument that Ms. Bennett prevails after all this business before the Bureau of Prisons. Where does that leave us, in your view? Does that mean that the appeal is moved? Your Honor, I think that the waiver was addressed to the 30 years length of the sentence. So I think if, trying to think through it analytically, I would want to think about whether the waiver would cover, if we're talking about a credit, that's a question of how the 30 years, of what is 30 years, you know what I mean, which is a little different from the way this was, this has been litigated thus far. So I don't know. I would say, related to that point, though, that the third point in our brief was that Judge Engelmeyer said on the record anything less than 30 years would deserve the 3553A factors. So he stated unequivocally that he would give 30 years. So from the — I don't think that — I do still think that that would move the appeal because I understood what he was saying to be 30 years is the lowest sentence that's appropriate. Right. But no one has waived any issue with respect to how the Bureau of Prisons will calculate the beginning and end date of a 30-year sentence. And Judge Engelmeyer did not say, this man must spend 30 years in prison and therefore I'm giving him, which he had the perfect right to do under the statutory maximum, 30 years and 41 months because I know the Bureau of Prisons is going to credit him with 41 months and it would be shocking and disturbing if he got out at whatever date with good time credit he would get out with 30 years rather than with 30 years and 41 months. Right. I mean, no one was thinking about how the Bureau of Prisons was going to credit that time. Your Honor is correct. The credit issue was never raised in the district court. Mr. Nicholas, if and when you ever file anything with us after you've heard from the Bureau of Prisons, I for one would be grateful if you could take a paragraph or two to address the government's view of the legal significance of whatever it is the Bureau of Prisons asserts. And, of course, Ms. Bennett is invited to do the same. Quite apart from what it does, we'd like to know what the effect is as a matter of law on this appeal. Yes, Your Honor. And that may take us back to the waiver question. It may not. But whatever it is that it takes us back to, we look forward to receiving your guidance. Yes, Your Honor. Thank you. Let me make one other suggestion. When you're going to frame some letter to the Bureau, right? Yes, Your Honor. I hope when you do that, without prejudging any legal issue, you and Ms. Bennett will agree what the relevant dates are. Not what the significance of them are, but what they are. So that if she says in her view what's relevant is the date custody began, you all can sort out what that date is. Otherwise, there's a great risk the Bureau will be misled by the judgment. Yes. I hope the two of you will put in that letter the right dates, not the legal significance, what the dates are. Yes, Your Honor. All right. Now, Ms. Bennett, you reserved no time. Or did you? No, you did reserve time. Is there anything you want to add? I don't have much to add except to say that I just to circle back to what had been briefed before the Court on the question of whether Judge Engelmeyer was correct in having authority to adjust the sentence to reflect the 41 months. I would note that the Gonzalez case that Mr. Nicholas pointed out, which was at 520 U.S. at 10, in the majority decision there, the Court says, Congress made clear its desire to run 924C enhancements consecutively to all other prison terms. Judge Justice Ginsburg, in the Abbott decision, 562 U.S. at 27, noted that 924C had a longstanding thrust to insist that sentencing judges impose additional punishment for 924C violations. The problem for Mr. Rodriguez here is that there is only one gun conviction. There's a single conviction. 924C is intended to avoid double counting, so you can't do State time on a gun charge and get credit for that State time on a Federal gun charge. Here he hasn't even gotten single credit for that 41 months. He spent 41 months, 3 1⁄2 years in custody for the very charge for which he pleaded guilty in Federal court and for which he got a 60-month sentence, and none of that 41 months counts toward it. On the harmless error issue, which is what I heard Mr. Nicholas talking about, how I heard his discussion of Judge Engelmeyer's comment about the 30 years, I would also point out that at the point when Judge Engelmeyer was noting that the 30 years had to be consecutive to the 5-year drug term imposed in the Northern District, that though it was mandatory, there was also a compelling argument to impose it even if it weren't mandatory. To me, what that says is it's not an unequivocal announcement that the sentence would absolutely be the same irrespective of this issue that the parties had been arguing over. In the JAS case, which I believe Judge Cabranes was on that panel, where it was a child sex trafficking case, and the judge on a sentencing guidelines issue expressly noted that it was an open question, he was queuing it up for the appellate court, but no matter how the decision came down from the circuit, he would absolutely nevertheless give the same 65-year sentence. That is an unequivocal statement that the sentence would be the same. The record here does not reflect the same kind of unequivocal statement. Thank you. ...pending further information from counsel as discussed and as so ordered.